Taliaferro, J.
This suit is instituted by W. A. Gordon, the syndic of his own creditors and of the creditors of W. A. Gordon & Co., against the defendant on a promissory note for one thousand dollars, alleged to have been executed on the 17th June, 1859, payable" one year after date to her own order, and by her endorsed; the said plaintiff, being, in his aforesaid capacity, the holder of said note, which he avers bears eight per cent, interest per annum from maturity, and is secured by mortgage on a lot of ground in the city of New Orleans. The plaintiff avers that said, note was renewed, the interest being paid down to 17th June, 1861. That the said mortgage was made in favor of any holder of said note, and that defendant further stipulated that she would pay the fee of an attorney that might be employed to foreclose tbe said mortgage.
The Court below awarded judgment in favor of the plaintiff, with recognition of lien and privilege upon the property specified in the mortgage, and with interest at eight per cent, per annum, from the 17th June, 1861, on the amount claimed. The defendant appealed. The defence was pi,-«-viption. The defendant refers to Maskellv. Pooley, 12 An. 661, where Court said, that to show the interruption of prescription by a partial payment, “ proof should be made of the payment and of the date when it wasmade.”
The defendant also invokes the authority of the case in 12 An. 82, and refers to the article 3486 of the Civil Code.
We think these authorities will not avail the defendant. The . plaintiff fulfils the rule laid down in Maskell v. Pooley, by making proof .of the payment and of the time when it was made. Record, p. 13.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be 'affirmed, with costs.
Rehearing refused.